Petit v. Chevelier.

## ERNEST PETIT vs. IGNACE CHEVELIER.

Refusing to account, excluding a copartner from an examination of the partnership books, and from a participation in the profits of the business, although breaches of duty, do not, standing alone, call for the interposition of the court by injunction before answer, or an opportunity of hearing.

*F. B. Ogden*, for complainant.

THE CHANCELLOR. The parties are florists, and in 1828 entered into partnership for the extensive cultivation and sale of flowers and plants. The business of the complainant has been to attend to the cultivation of the plants. The business of the defendant has been to take the flowers and plants to the New York market for sale. The bill charges that, by reason of the sales, the defendant has been in the habit of receiving large sums of money, and after the payment of numerous bills and expenses, the complainant believes that the defendant now holds in his hands, as the profits of the partnership, about the sum of $2500; that the defendant, since the commencement of the partnership, has pretended to keep an account of sales made by him and of the moneys received and expended; that he has always refused to permit the complainant to examine said books, and when requested so to do by complainant has insulted and abused him; that no settlement of the partnership accounts hath ever been made, but the defendant hath refused, though requested so to do, to come to a fair settlement or to account to complainant for his share of the profits of the partnership business now in his hands.

The bill prays for a dissolution of the partnership, an account, and for an injunction, and for the appointment of a receiver.

On filing the bill, the complainant asks for a temporary

injunction to restrain the defendant from collecting or receiving any debt or money due the partnership.

Each partner has an equal right to manage the partnership business and to receive the debts due the firm. By the arrangement between these parties, it was made the special business of the defendant to sell the plants and flowers raised by the firm, and to receive the proceeds of the sales. To restrain the defendant from exercising his lawful calling and from the prosecution of his daily business is a delicate exercise of power, and should be resorted to only in a clear case and upon a pressing emergency. No such exigency is shown by the complainant's bill. There is no charge of insolvency or allegation of danger of irreparable loss. It has no analogy, therefore, to a bill to restrain waste or prevent irreparable mischief. In such case an injunction would not be granted before answer filed without notice to the defendant and an opportunity afforded of putting in an answer. *Read* v. *Bowers*, 4 *Bro. Ch. C.* 441; *Lawson* v. *Morgan*, 1 *Price* 303; 2 *Eden on Injunctions* 359, *note* 2.

Refusing to account, excluding the complainant from an examination of the partnership books and from a participation in the profits of the partnership business are violations of duty in a partner affording ground of just complaint, but standing alone they are not sufficient, before answer or without an opportunity afforded to the defendant of being heard, to invoke the exercise of the power of the court by injunction.

The motion for the injunction must be denied.